UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: IMMIGRATION HABEAS PETITIONS UNDER 28 U.S.C. § 2241 | No. **1:26−CV−08999−TLN−CSK**<br><br>**STANDING ORDER - PROHIBITION ON TRANSFER, REFERRAL, AND BRIEFING SCHEDULE** |

In all 28 U.S.C. § 2241 immigration habeas cases assigned to Chief District Judge Troy L. Nunley, it is hereby ORDERED:

**1. <u>Prohibition on Transfer of Petitioner</u>**

Respondent(s) shall not transfer Petitioner out of the Eastern District of California pending the Court's ruling on the Petition for Writ of Habeas Corpus ("the Petition"). Respondent(s) may transfer Petitioner outside the District for urgent medical care; however, Respondent(s) must notify the Court within a reasonable time of any such transfer. Respondent(s) may seek modification or dissolution of this Order.

Courts possess "a limited judicial power to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action through the prescribed statutory channels." *F.T.C. v. Dean Foods Co.,* 384 U.S. 597, 604 (1966); *see also* All Writs Act, 28 U.S.C. § 1651(a) (courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

This Court is experiencing a longstanding judicial emergency, which has been greatly exacerbated by the influx of immigration habeas petitions. *See* Eastern District of California

Judicial Emergency, https://www.caed.uscourts.gov/caednew/index.cfm/news/judicialemergency/. The Eastern District currently has one of the largest volumes of immigration habeas petitions in the nation. *Id.* More than 6,000 immigration habeas petitions were filed in this District in the first nine months of this year. "The impact of the unprecedented volume of new immigration cases on our district, which was already under a longstanding judicial crisis, is farreaching and includes significant delays in the resolution of other federal cases filed in this district." *Id.* Preserving the status quo in newly−filed habeas cases will enable the Court to assess and maintain its jurisdiction and the scope of its authority to grant requested relief, ensure the parties are able to participate in the adjudication of habeas petitions and be heard, and facilitate management of an unprecedented volume of habeas petitions in addition to this Court's other urgent civil and criminal matters.

**2. <u>Referral to United States Magistrate Judge</u>**

This matter is REFERRED to the assigned United States Magistrate Judge for further proceedings pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1)(B), **<u>UNLESS</u>** Petitioner filed a motion for temporary restraining order in conjunction with their Petition. The Court's prohibition on transferring Petitioner out of the District, as set forth in Section 1, remains intact if the matter is referred.

**3. <u>Briefing Schedule on the Petition</u>**

For matters initiated with a motion for temporary restraining order, the parties are advised that the Court intends to rule directly on the Petition, with the understanding that the Court will also consider any arguments made in support of the motion. *See* Fed. R. Civ. P. 65(a)(2).

**Within two (2) court days** from the date this Order was issued in this case, Respondent(s) shall answer the Petition. Any response must include Petitioner's Form I−213 for each immigration encounter; any orders of release, detention, or bond; any custody determinations (including any Form I−286), warrants, or notices revoking release; and any other portions of Petitioner's A-File relevant to the determination of the issues presented in the Petition. If Respondent(s) do not produce these records without explanation, the Court will infer the records do not exist.

Failure to timely respond shall be construed as non−opposition to the Petition. *See E.D.* Cal. L.R. 230(c).

Prior to the Court's ruling on the Petition, Petitioner may file a reply. If the Court requests a reply, it will issue a deadline for filing.

**4. Status Updates and Proposed Orders**

This Court is working diligently to address all habeas petitions as quickly as possible. To assist the Court in this effort, parties should refrain from filing multiple or duplicative motions for immediate relief or requests for rulings. However, parties may file status updates with any new information or developments in their case prior to a ruling, if appropriate.

Additionally, parties are encouraged to submit proposed orders containing substantive legal analysis with a ruling on the Petition to assist the Court in expediently resolving the case. Parties should look to prior orders of this Court (and may copy this Court's language) to guide their substantive analysis and proposed remedies.

Pursuant to Local Rule 137(b), counsel shall email chambers the Word document of any proposed orders at tlnorders@caed.uscourts.gov, in addition to e-filing the .pdf version. The email must contain the case number and words "proposed order" in the subject line. Pro se petitioners are not required to email or e-file proposed orders.

**5. Notices of Related Cases**

**Within three (3) court days,** or as soon as possible after discovery of a related case, the parties shall file notice of any related cases (e.g., other habeas petitions filed by the same petitioner in this District). In accordance with Local Rule 123, parties must file notice in each related case, regardless of whether the prior case is closed.

**6. Personally Identifiable Information**

Parties are reminded of their obligations under Local Rule 140 to redact personally identifiable information ("PII"). Consequences for failure to follow the Local Rules and protect PII may be harsh. *See* E.D. L.R. 110.

IT IS SO ORDERED.

DATED: November 4, 2026

Troy L. Nunley
Chief United States District Judge